**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MOHAMMAD SABER AKBAR-ZADA** | **CASE NO. 1:26-CV-890 SEC P** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **WARDEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed pro se by Mohammad Saber Akbar-Zada, ("Petitioner'), pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee at the River Correctional Center in Ferriday, Louisiana. Petitioner seeks to be released from detention.

Petitioner is a native and citizen of Afghanistan. On or about November 17, 2024, he entered the United States as an alien present in the United States that had not been admitted or paroled. Petitioner was detained on or about January 22, 2025[1] and issued a notice to appear. On January 25, 2025, Petitioner was taken into ICE custody and placed in removal proceedings. On June 10, 2025, Petitioner was ordered removed to Afghanistan

[1] Petitioner states that he was taken into immigration custody on November 1, 2024 (Doc. 1, p.5).

but was granted withholding of removal under INA § 241(b)(3). Both parties waived their right to appeal (Docs. 1 and 8).

Petitioner claims that he is being unlawfully detained without a foreseeable release date (Doc. 1).

On May 26, 2026, Respondents filed a response to the petition (Doc. 8). Respondents argue that Petitioner's detention is lawful and his removal is likely within the reasonably foreseeable future. Respondents claim DHS is continuing its efforts to locate a third country to remove Petitioner to and then obtain travel documents. Respondents also argue that the court lacks jurisdiction over this matter because 8 U.S.C. § 1252(g) bars review of challenges to the execution of removal orders.

On August 17, 2026, Attorney Andres Gomez of the Federal Public Defender Office enrolled as counsel for Petitioner (Doc. 9).

Because Petitioner establishes there is no significant likelihood of his removal in the reasonably foreseeable future, the petition should be GRANTED.

**LAW AND ANALYSIS**

**Jurisdiction**

The court has federal subject-matter jurisdiction over this habeas petition. Under 28 U.S.C. § 2241(c)(3), the court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States." See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings. See Pub. L. No. 109-13, Div. B, 119 Stat. 231

(2005). District courts may not review challenges to final orders of removal. 8 U.S.C. § 1252(a)(5); Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007). And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C. § 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole," 8 U.S.C. § 1226(e).

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute. Jennings v. Rodriguez, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (citing Demore v. Kim, 538 U.S. 510, 516 (2003)); See Aracely, R. v. Nielsen, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While§ 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA."). Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," Oyelude v. Chertoff, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, Garza-Garcia v. Moore, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); See also Maldonado v. Macias, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and

constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

**Detention**

After an alien is ordered removed, the Government has 90 days within which to effectuate the removal. See 8 U.S.C. § 1231(a)(1)(A). However, Section 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States and detention for up to six months is "presumptively reasonable." See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. Id.; See also 8 CFR § 241.13 (setting forth the Zadvydas procedures). Petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. See Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." Idowu v. Ridge, 03-CV-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Petitioner's removal order became final at the latest on June 10, 2025. Petitioner has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. See Shengelia v. Ortega, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); See also Altayb v. U.S. Immigration & Customs

Enf't, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), adopted by, 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Petitioner has satisfied his initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. He has been detained for more than six months since his removal order became final on June 10, 2025. Petitioner has now been detained for more than 14 months, including six months after his removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Petitioner will be deported in the reasonably foreseeable future. In support of their arguments, Respondents provide the Declaration of Assistant Field Office Director Matthew W. Reaves (Doc. 8-2, pp. 1-4). Respondents state that ICE has been engaged with the Removal Division at Headquarters for assistance in locating a third country for removal since July 15, 2025. Reaves declares that in July of 2025, a Deportation Officer reached out to Guatemala via a request for acceptance of alien form. Reaves declares that on or about September 12, 2025, ERO sent a request for an Afghanistan transportation letter through the US embassy in Doha, Qatar for delivery to the Afghan embassy. He declares that on or about January 29, 2026, ERO contacted the State Department for assistance with the third country removal. He declares that on or about February 20, 2026, the ERO noted that Petitioner had previously issued for entry to Brazil and his visa permitted entry from November 2023 to May 2024. He declares the

ERO began attempts to obtain acceptance and travel documents from Brazil through an email to Brazil. He declares that on or about February 23, 2026, an email was sent to Afghanistan seeking further guidance on third country removal. Reaves declares that on or about April 7, 2026, per HQRIO, there was no change in status for third country removals and valid passports were inside file.

There is no evidence of any likelihood of removal in the reasonably foreseeable future, much less a significant one. The Government is no closer to removing Petitioner now than it was in July 2025. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." Nguyen v. Noem, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing Balouch v. Bondi, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701-02. It follows that the likelihood of Petitioner being removed in the reasonably foreseeable future is certainly not significant. The Government has failed to meet its burden to refute that assertion.

Accordingly, the court concludes that habeas relief is proper and Zadvydas requires Petitioner's release from his unlawful detention.

Accordingly, **IT IS RECOMMENDED** that the petition be **GRANTED** and Petitioner be released under appropriate conditions.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 8th day of September 2026.

Mark L. Hornsby
U.S. Magistrate Judge